Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Patrick, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-290-7778 fax

Attorneys for Plaintiff
Jeremy Bard

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| Jeremy Bard<br><br>         Plaintiff,<br><br>v.<br><br>Upgrade, Inc.; Alliant Capital Management of New York, LLC<br><br>         Defendants. | CASE NO. 5:23-cv-02330<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act<br>2. Violation of the Fair Debt Collection Practices Act<br>3. Violation of the Rosenthal Fair Debt Collection Practices Act<br>4. Invasion of Privacy |

COMES NOW Jeremy Bard (hereinafter "Plaintiff"), an individual, based on information and belief, alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which

prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts.

2. Plaintiff brings this action against Defendants Upgrade, Inc. (hereinafter "Upgrade") and Alliant Capital Management of New York, LLC (hereinafter "Defendant" or "ACM") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

5. The FDCPA was designed to prevent abusive and deceptive collection practices by debt collectors. The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692.

6. The FDCPA regulates the behavior of "debt collects" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

7. The FCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

8. The FDCPA, under 15 U.S.C. § 1692g(a) requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication.

9. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public's confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

10. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

11. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

12. This venue is proper pursuant to 28 U.S.C. §1391(b).

13. Defendant ACM Funding LLC is a debt collector that collects on consumer debts throughout the United States, including the State of California.

## GENERAL ALLEGATIONS

14. Plaintiff is an individual and "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by Cal. Civ. Code § 1788.2(g).

15. At all relevant times herein, ACM was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and "debt" as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(f).

16. At all relevant times herein, Upgrade was a company engaged, by the use of mail, email, and telephone, in business of collecting a debt from Plaintiff, as defined by Cal. Civ. Code § 1788.2(f).

17. At all relevant times, Defendant ACM acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

18. At all relevant times, Defendant Upgrade acted as a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

19. Plaintiff believes that ACM was collecting on an account that did not originate with ACM but on behalf of Upgrade.

20. ACM did not disclose to Plaintiff the name of the original creditor.

21. Both ACM and Upgrade have been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" and as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

22. Plaintiff's initial consumer debt, extended by Defendant Upgrade, was subsequently sold or transferred to ACM to continue collection activity.

23. Prior to Upgrade's transfer of the account, Upgrade initiated collection activity against Plaintiff in September/October of 2022.

24. ACM, at some point, assumed control of the debt and began contacting Plaintiff in April of 2023 to inquire about the status of the loan and to collect on the payments that were no longer being made.

25. ACM did not disclose who it was collecting on behalf of and simply indicated that Plaintiff owed ACM money.

26. Plaintiff retained counsel to assist in dealing with the Upgrade debt and collection efforts as well as to seek some type of financial relief.

27. Counsel for Plaintiff contacted Upgrade in October of 2022 to inform Upgrade that Plaintiff was represented by an attorney.

28. Counsel for Plaintiff sent a certified letter to Upgrade confirming representation of Plaintiff and that Defendant was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

29. Defendant Upgrade continued to contact Plaintiff after it received the October 2022 letter of representation and revocation of consent.

30. Defendant would call Plaintiff and demand payment on the delinquent account.

31. Defendant Upgrade would leave pre-recorded messages on Plaintiff's cellular telephone.

32. Most, if not all, of the messages left by Defendant Upgrade were pre-recorded.

33. In March or April of 2023 ACM began contacting Plaintiff regarding a delinquent collection account.

34. ACM failed to identify the original lender, but Plaintiff believes that ACM was hired by Upgrade to continue the collection efforts.

35. ACM was contacted by Plaintiff's counsel in April of 2023 to remind it of Plaintiff's representation and reiterate that no direct collection calls could continue against Plaintiff.

36. Despite notifying Upgrade and ACM Plaintiff was still contacted often regarding non-payment of the outstanding Upgrade debt.

37. Defendants calls and collection notices were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney.

## FIRST CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692c(a)(2))
(Against ACM)

38. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

39. Defendant was informed in April of 2023 that Plaintiff was represented by an attorney with respect to Plaintiff's creditors.

40. Defendant continued to contact Plaintiff after it was informed Plaintiff was represented by an attorney.

41. Plaintiff's attorney did not consent to Defendant continuing to contact Plaintiff.

42. Defendant contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant specifically not to contact Plaintiff.

43. Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

## SECOND CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692e(11))
(Against ACM)

44. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

45. ACM failed to identify the originating creditor it was collecting on behalf of and did not inform Plaintiff of the identity of the original creditor.

46. Defendant's conduct was in violation of 11 U.S.C. § 1692e(11).

## THIRD CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692g(a))
(Against ACM)

47. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

48. ACM refused to provide Plaintiff with any information regarding the nature of the debt.

49. ACM did not identify the original creditor in the notices/calls that were received by Plaintiff.

50. ACM did not inform Plaintiff of the amount of the debt.

51. Defendant's conduct was in violation of 11 U.S.C. § 1692g(a).

## FOURTH CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendants ACM and Upgrade)

52. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

53. Plaintiff provided written notice that he was represented by counsel by sending Defendants a letter with the name, address, and contact information of his attorney and informed Defendants that he was represented.

54. Defendants continued to call and attempt to contact Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel and represented Plaintiff with respect to the debt that was owed to Defendants.

55. The calls and communications made by Defendants to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

56. Defendants violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

## FIFTH CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendants ACM and Upgrade)

57. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

58. Defendants called Plaintiff at least 30 times.

59. Plaintiff was contacted multiple times per day by Defendants.

60. Defendants violated Cal. Civ. Code §1788.11(d) by contacting Plaintiff over 30 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

**SIXTH CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendants ACM and Upgrade)

61. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

62. Defendants called Plaintiff at least 30 times.

63. Plaintiff was contacted multiple times per day by Defendants.

64. Defendants violated Cal. Civ. Code §1788.11(e) by contacting Plaintiff over 30 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

**SEVENTH CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendants ACM and Upgrade)

65. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

66. Defendants placed over 30 calls to Plaintiff.

67. Plaintiff was contacted multiple times per day by Defendants.

68. Both Defendants knew that Plaintiff was represented by an attorney as it received certified notices and correspondence stating as much.

69. Defendants violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling Plaintiff after Defendants knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

**EIGHTH CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Upgrade)

70. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

71. Upgrade was informed in October of 2022 that Plaintiff was revoking consent to be contacted by Upgrade and / or receive pre-recorded messages.

72. Upgrade frequently called Plaintiff after Plaintiff withdrew is consent to be contacted by artificial / pre-recorded messages.

73. Upgrade would contact Plaintiff daily regarding payment on the account at issue.

74. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

75. All calls placed by Upgrade to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

76. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

77. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in October of 2022.

78. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

**NINTH CAUSE OF ACTION**
(Intrusion Upon Seclusion)
(Against Defendants ACM and Upgrade)

79. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

80. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

81. ACM and Upgrade both intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

82. ACM and Upgrade both intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

83. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

84. These intrusions and invasions against Plaintiff by ACM and Upgrade occurred in a way that would be highly offensive to a reasonable person in that position.

85. ACM and Upgrade both received notice stating that it was no longer to contact Plaintiff as he was represented by counsel and revoked his consent to be contacted on his cellular telephone.

86. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from ACM and Upgrade.

**Cal. Civ. Code § 3294**

87. ACM and Upgrade both also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at trial.

88. ACM and Upgrade had actual knowledge that it continued to violate both state and federal collection laws as it received notice regarding representation of Plaintiff by an attorney.

89. These calls were done with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff, let alone using an automated telephone dialing system.

90. Given Defendants' knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under both the Rosenthal Fair Debt Collection Practices Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act.

91. Given Defendants' knowledge of Plaintiff's representation and revocation of consent, Defendants' illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving various improper collection calls, emails, and notices.

92. The sheer volume of calls was intentionally designed to exhaust Plaintiff into paying Defendants.

93. Defendants also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action

pursuant to California Civil Code §1788.32.

b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32.

c.

d. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

e. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

f. An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

g. An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(3) and to Cal. Civ. Code §1788.30(c)

h. An award of actual damages as proven at trial

**Gale, Angelo, Johnson, & Patrick, P.C.**

Dated: November 14, 2023            By:   /s/ Joe Angelo
                                         Joe Angelo
                                         Attorney for Plaintiff